EL PUEBLO, DEMANDANTE Y APELADO, *v.* BENÍTEZ ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción del artículo 85 del Código Penal.

No. 723.—Resuelto en mayo 28, 1915.

PODER EJECUTIVO—DELITOS COMETIDOS POR EL PODER EJECUTIVO—JUNTAS ESCOLARES—CUASI-CORPORACIONES PÚBLICAS.—A los efectos del artículo 85 del Código Penal, los miembros de una junta escolar, que es una cuasi-corporación pública, y cuyos deberes son los de administrar el sistema de escuelas comunes, están comprendidos dentro de la rama ejecutiva del gobierno.

FUNCIONARIOS EJECUTIVOS—DEFINICIÓN.—Un funcionario ejecutivo es aquel cuyos deberes consisten principalmente en hacer que las leyes se cumplan.

PODER EJECUTIVO—DELITOS COMETIDOS POR EL PODER EJECUTIVO—EXAMEN DE LAS PRUEBAS.—Examinada la evidencia en este caso, *se resolvió,* que como nada demuestra que el juez de distrito que oyó toda la prueba, y dió crédito a la de cargo y declaró culpables a los acusados, cometiera error fundamental alguno, procede la confirmación de su sentencia.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Engenio Benítez Castaño y Rossy & Guillermety.*

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de Humacao, por virtud de la cual los acusados Miguel Benítez y Pablo Luis fueron condenados, como autores del delito menos grave previsto y castigado en el artículo 85 del Código Penal, a pagar una

multa de $200 cada uno y en defecto del pago a sufrir tres meses de cárcel.

Por virtud de la acusación se imputó a los acusados, que eran miembros de la Junta Escolar de Vieques, el hecho de haber pedido, como tales funcionarios, a determinada persona, la gratificación de $750, por ejecutar cierto acto oficial que debían llevar a efecto sin percibir remuneración alguna, a saber: aprobar una ordenanza enmendada para la compra de una casa con fines escolares.

Los apelantes alegan, como fundamentos esenciales del recurso por ellos interpuesto, los siguientes:

1°. Que los acusados no pudieron ser declarados culpables del delito previsto y castigado en el artículo 85 del Código Penal, y

2°. Que la prueba, en todo caso, no fué bastante para sostener la sentencia dictada.

Examinemos el primer fundamento. El artículo 85 del Código Penal, es como sigue:

"Todo funcionario ejecutivo o administrativo que a sabiendas pidiere o admitiere cualquier emolumento, gratificación o recompensa, o promesa de ello, fuera de lo que la ley autoriza, por ejecutar algún acto oficial, será reo de *misdemeanor.*"

Los apelantes sostienen que ellos, como miembros de la Junta Escolar de Vieques, no eran funcionarios ejecutivos ni ministeriales y que, por tanto, el precepto penal que hemos transcrito y en el que se basan la acusación y la sentencia, no es aplicable.

El artículo 85 citado forma parte del título 8°. del Código Penal, que trata de los delitos cometidos por el Poder Ejecutivo y en contra de éste. Dicho título precede al 9°. que se refiere a los delitos cometidos por el poder legislativo, y el 9°. al 10°., que comprende los delitos cometidos contra la justicia pública. El legislador al proceder así, abarcó todas las ramas del Gobierno, con la evidente intención de

que no quedara sin castigo acto alguno de naturaleza crimi-
nal con ellas relacionado.

Que los miembros de una junta escolar, que es una cuasi-
corporación pública, no forman parte del poder legislativo
ni del poder judicial, es tan claro, que no cabe ni siquiera
discutirlo; sólo puede, pues, comprendérseles dentro de la
rama ejecutiva, a los efectos de la ley penal indicada.

La cuestión ha sido resuelta por la Corte Suprema del
Estado de Wáshington. Dicha corte, en el caso de *State
v. Womack*, 4 Wash., 19, 27, estableció la siguiente doctrina:
"Un funcionario ejecutivo es aquel cuyos deberes consisten
principalmente en hacer que las leyes se cumplan, y puede
interpretarse de manera que incluya los miembros de una
junta escolar, cuyos deberes son los de administrar el sis-
tema de escuelas comunes."

Resuelta la primera cuestión suscitada en el sentido de
que es aplicable el artículo 85 del Código Penal, veamos si
la prueba practicada fué o nó suficiente para establecer, más
allá de toda duda razonable, la culpabilidad de los acusados.

Joaquín Rodríguez, presidente de la junta escolar de la
cual eran miembros los acusados, relata detalladamente cierta
transacción relativa a la compra de una casa de la propie-
dad de José Agustín Díaz, para dedicarla a fines escolares.
Intervino el Comisionado de Educación, se llegó a un acuerdo,
y se fijó el precio de la compra, pero hubo algunas dificul-
tades con respecto al título que fueron debidamente subsa-
nadas. Después de votada la ordenanza necesaria para la
celebración del contrato, fué devuelta a la junta a fin de que
ésta la enmendara incluyendo expresamente en la transac-
ción ciertas dependencias de la casa. La enmienda era sen-
cilla y el vendedor estaba enteramente conforme en que se
hiciera. Esto no obstante, el asunto se iba dilatando, y refiere
el testigo que un día recibió la visita del hijo del dueño de
la casa que iba con objeto de ultimarlo, y le manifestó que
creía que la actitud de los otros miembros de la junta se debía

a que el vendedor no había cumplido cierta oferta de hacerles un regalo si la negociación se llevaba a efecto.

José Agustín Díaz, el dueño de la casa, declaró también con referencia a los preliminares del contrato y refirió que cuando le manifestaron que el asunto había sido enviado al Comisionado de Educación, el acusado Miguel Benítez le dijo que si se vendía la casa tendría que darles un regalito, contestando el testigo, "sí, cómo no."

Agustín Díaz Smaine, el testigo más importante de cargo, hijo del dueño de la casa, el que trató directamente con los acusados, refiere minuciosamente las varias conversaciones que con ellos tuvo y en las cuales le exigieron la suma de $750 para aprobar la enmienda a la ordenanza autorizando la compra. Su declaración ocupa más de seis páginas de la transcripción y es completa y convincente.

Por último, el testigo Cándido L. Prado, farmacéutico, asegura que oyó cierta conversación tenida en un lugar apartado de su botica por Agustín Díaz Smaine y el acusado Benítez, en la cual Benítez dijo a Díaz que la cantidad de dinero que le pedía para él, podía dársela en un documento cualquiera, pero que la cantidad que exigía el otro acusado Luis debía dársela en dinero.

Esa es, en resumen, la prueba del Fiscal. Todos los esfuerzos de las defensas al repreguntar a los testigos de cargo y al interrogar directamente a sus propios testigos, tendieron a demostrar que existían disgustos anteriores entre los acusados y los testigos, que los acusados no habían hecho a Díaz, padre, ni a Díaz, hijo, las peticiones por ellos referidas, y que si la aprobación de la ordenanza enmendada se dilató, fué debido a circunstancias legítimas.

El juez de distrito que oyó toda la prueba, dió crédito a la de cargo y declaró culpables a los acusados. Nada demuestra que cometiera error alguno al actuar de tal modo y su sentencia debe confirmarse. El único reparo que podría oponerse a su resolución final en esta causa, a nuestro juicio, no sería favorable, sino adverso a los acusados: Nos referi-

mos a la pena impuesta a los apelantes, demasiado benigna, tal vez, atendidos los hechos por ellos perpetrados.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.